## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JAY FOLSE,

      **Plaintiff,**

vs.                                      **CIVIL ACTION NO. 2:22-CV-00252**

JOHN MCCUSKEY, JR.,
in his individual and official capacities,
LEE CASSIS,
in his individual and official capacities,

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the ***Motion to Dismiss Made Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)*** and its accompanying ***Memorandum of Law in Support of Defendant John B. McCuskey's Motion to Dismiss*** (ECF Nos. 5, 8) and ***Defendant Lee Cassis's Motion to Dismiss*** and ***Memorandum in Support of Defendant Lee Cassis's Motion to Dismiss*** (ECF Nos. 6, 7). By Administrative Order entered on June 14, 2022, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the ***Complaint for Declaratory and Injunctive Relief for Constitutional Violations*** (ECF No. 1) and additional pleadings of record and pertinent legal authority, the undersigned has concluded that the ***Motions to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

### Plaintiff's Factual Allegations

Plaintiff has filed a two-count complaint asking this Court to declare that the recent passage of Senate Bill 552 ("S.B. 552") is a violation of his constitutional rights ensconced in the Takings

Clause of the Fifth Amendment as well as a violation of the "one-object" rule of the West Virginia Constitution. (ECF No. 1 at 1)

Plaintiff asserts that the Bill eliminated the Sheriff's sale of real estate which have delinquent taxes owed, and instead, provides for unilateral transfers of the properties to any municipality requesting a transfer prior to any tax auction, and without any provision to offer compensation to owners for the difference between the appraised value of the property and the taxes owed. (Id. at 2) As a result, owners are deprived of any surplus funds between the sale price and taxes owed. (Id. at 3)

Regarding the "one-object" rule violation, Plaintiff states that while the West Virginia Constitution provides that "[n]o act hereafter passed, shall embrace more than one object, and that shall be expressed in the title"[1], S.B. 552 was presented to the legislature as being solely about building demolition, but affects 55 different code sections in four different chapters. (Id. at 4-5) Plaintiff asserts that Defendant McCuskey sold S.B. 552 to the public as one that empowers cities and counties to remove dilapidated buildings, but they already had the authority to do that – instead, S.B. 552 provides those entities with a process to unilaterally take owners' properties that are in good condition without any compensation to the owners. (Id. at 5) Plaintiff fears this is ripe for abuse. (Id.)

Plaintiff accuses Defendant McCuskey of misrepresenting S.B. 552 to both the legislature and the public, and that he even admitted to Plaintiff that the issue of surplus proceeds not being returned to former owners is unconstitutional, but had Plaintiff arrested and criminally charged.[2]

---

[1] W. Va. Const. art. VI, § 30.

[2] Plaintiff refers to another matter pending before this Court, *Jay Folse v. John McCuskey, Jr., et al.*, civil action number 2:22-cv-00171, which concerns the issues surrounding Plaintiff's arrest and criminal offenses.

(Id. at 6)

For relief, as noted *supra*, Plaintiff asks the Court to find S.B. 552 unconstitutional under both the Federal and State Constitutions; determine that "any power exercised by Defendants is void and enforceable", that any action by Defendant Cassis regarding S.B. 552 be determined unconstitutional and void, that the requirements of posting a bond as security of preliminary injunctive relief be waived, and for an award of fees and costs. (Id. at 11-12)

### Procedural History

On June 13, 2022, Plaintiff, acting *pro se*[3], filed his Complaint for declaratory and injunctive relief pursuant to Titles 42 U.S.C. § 1983 and 28 U.S.C. § 1367. (ECF No. 1)[4] On July 5, 2022, Defendant McCuskey filed his Motion to Dismiss Made Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)[5] and supporting Memorandum. (ECF Nos. 5, 8) Also on July 5, 2022, Defendant Cassis filed his Motion to Dismiss and supporting Memorandum. (ECF Nos. 6, 7) In accordance with the Roseboro notice issued by the undersigned (ECF No. 10), on July 27, 2022, Plaintiff filed his Response in Opposition to Defendant John McCuskey Jr.'s Motion to Dismiss (ECF No. 11). On August 5, 2022, Defendant McCuskey filed his Reply (ECF No. 12).

Consequently, this matter is fully briefed and ready for resolution.

### Defendant McCuskey's Argument in Support of Dismissal

---

[3] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[4] That same day, the Clerk inadvertently issued summons (ECF No. 2) although Plaintiff not yet paid a filing and administrative fee, however, following this Court's June 14, 2022 Order directing Plaintiff to either pay the filing fee or an Application to Proceed *in Forma Pauperis* (ECF No. 4), on July 6, 2022, Plaintiff paid the $402.00 filing and administrative fee (ECF No. 9).

[5] Defendant McCuskey attached a single exhibit to his Motion, a copy of the Committee Substitute for Senate Bill 552 from the West Virginia Legislature's 2022 Regular Session. (ECF No. 5-1)

As background, Defendant McCuskey explains that S.B. 552 became effective on June 10, 2022 and made major changes to the process for the collection and enforcement of property taxes in West Virginia: one such change is that it eliminated the Sheriff sale of tax liens against tax delinquent properties. (ECF No. 8 at 1-2) Instead, a county Sheriff certifies tax delinquent property to the State Auditor, who then holds one annual auction for each county to sell the tax liens. Tax liens not sold at the Auditor's annual auction may be sold by the Auditor without any further public auction or additional advertising in the following priority: (1) to a person vested with an ownership interest in an adjacent tract or parcel of land; (2) to the municipality in which the tract or lot is located; (3) the county commission of the county in which the tract or lot is located; (4) to the West Virginia Land Stewardship Corporation as part of its Land Bank Program; or (5) to any party willing to purchase such property. (Id. at 2) Prior to S.B. 552's passage, the Sheriff held a sale, property not sold at this sale was then certified to the Auditor who held a second sale, and property still not sold by the Auditor could then be sold by the Auditor to any party without further public auction. (Id.) In short, the purpose of S.B. 552 was to hasten the tax lien sale process and allow certain entities the right of first refusal to those tax delinquent properties not sold at public auction, enumerated *supra*, and to provide an easier path to remedy blighted, dilapidated, or abandoned properties in West Virginia. (Id. at 3)

Defendant McCuskey argues that Plaintiff fails to plead a sufficient factual basis to demonstrate S.B. 552 violates the Takings Clause but only asserts conclusory statements or speculation in support of his claims. (Id. at 3-5) Additionally, Plaintiff improperly relies on the Lawton case to support his argument that S.B. 552 violates the Takings Clause. (Id. at 6) Defendant McCuskey contends that Plaintiff fails to appreciate that West Virginia's statutory scheme for tax

sales (see W. Va. Code § 11A-3-65) is similar to the one the United States Supreme Court[6] determined did not run afoul of the Takings Clause because former owners only have a conditional right to the surplus proceeds following a delinquent tax sale, and that the Federal Constitution did not prevent a city from retaining the surplus and property where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings. (Id. at 5-8) Significantly, the aforementioned statute was not affected by passage of S.B. 552 – a former owner is only given a conditional right to surplus proceeds. (Id. at 8)

Regarding the one object rule, Defendant McCuskey argues that Plaintiff fails to sufficiently plead factual allegations to show that S.B. 552 violates the one object rule. (Id.) The West Virginia Supreme Court of Appeals has long determined that either a general or specific title of an act complies with the one object rule: the title must impart enough information of the act so that legislators and other interested parties may be informed of its purpose, and not to deceive the public by including surreptitious matters foreign to an act's purpose. (Id. at 8-9) Further, if a bill's various subjects are all germane to a single object, then the bill does not run afoul of the one object rule. (Id. at 9-10) Defendant McCuskey points out that Plaintiff alleges only a conclusory statement that S.B. 552 violates the one object rule because it affects 55 different code sections, aside from making irrelevant personal attacks against this Defendant, the State Auditor. (Id. at 10) Moreover, while the Auditor may promote a bill or be charged with administering provisions contained in a bill, the Auditor does not vote to pass legislation or sign it into law. (Id.) Contrary to Plaintiff's blanket assertions, S.B. 552 complies with the one object rule because both of its title and subject

---

[6] Nelson v. City of New York, 352 U.S. 103, 77 S. Ct. 195 (1986).

matter requirements meet legal requirements. (Id. at 10-11)

Regarding Plaintiff's alleged Section 1983 claim, he does not plead any personal deprivation of a constitutionally or federally protected right, thus, this claim fails under law and must be dismissed. (Id. at 11-12) Similarly, regarding Plaintiff's allegation that S.B. 552 violates the Takings Clause, he only asserts vague, legal conclusions as to how S.B. 552 is unconstitutional as applied to him personally, however, to the extent he asserts an injury to the constitutional rights of others, he lacks standing. (Id. at 12-13) Finally, Defendant McCuskey argues that the Court should decline to exert supplemental jurisdiction over Plaintiff's one object rule claim as his original jurisdiction claims fail as a matter of law and the one object rule concerns complex issues related to West Virginia state constitutional law. (Id. at 14)

In sum, this Defendant asks the Court to dismiss Plaintiff's claims under Rule 12(b)(6) with prejudice. (Id.)

### Defendant Cassis's Argument in Support of Dismissal

Defendant Cassis submits two primary reasons why Plaintiff's complaint must be dismissed:

First, this Defendant enjoys Eleventh Amendment immunity as the Senate Clerk, and has no authority to enforce the provisions set forth in S.B. 552, thus any exception to Eleventh Amendment immunity is inapplicable to this Defendant. (ECF No. 3-4) Defendant Cassis notes that Plaintiff acknowledges that the Senate Clerk's duties are limited to providing general ministerial support to the legislative process, and has not identified any provisions of state law that confers enforcement authority to the Senate Clerk. (Id. at 4-5)

Second, Defendant Cassis contends Plaintiff lacks Article III standing to prosecute his

claims against the Senate Clerk: Plaintiff fails to establish any injury from the passage of S.B. 552, let alone any impending injury; Plaintiff fails to allege any injury traceable to the challenged conduct of the Senate Clerk; and Plaintiff fails to show that any alleged injury can be redressed by a favorable ruling against the Senate Clerk, given that the Senate Clerk has no enforcement or administrative responsibility for S.B. 552. (Id. at 5-7)

Defendant Cassis is not a property party to Plaintiff's constitutional challenges, and thus should be dismissed from this action. (Id. at 7)

## Plaintiff's Response in Opposition

In response to Defendant McCuskey's motion, Plaintiff explains that he has standing to pursue a Section 1983 claim for prospective relief, and that he "is likely to be personally affected by the relevant unconstitutional elements of Senate Bill 552." (ECF No. 11 at 1-2) Plaintiff asserts that he purchased numerous properties in 2021, many of which are in a dilapidated condition and are the target of municipalities, therefore, Plaintiff will be injured in the event his properties are seized without compensation. (Id. at 2-3)

Plaintiff insists that S.B. 552 violates the Takings Clause, notwithstanding the State statute providing for a conditional right to the surplus after an auction, as S.B. 552 "provides for the unilateral transfer of real estate to municipalities without an auction and therefore with no conditional surplus being even possible." (Id. at 3) Plaintiff states that "[a]lthough the argument that having a conditional right to the surplus may well negate any violation of the takings clause, this argument has no applicability to the controversy at hand." (Id.)

Plaintiff reasserts that S.B. 552 violates the one object rule to the extent that Defendant McCuskey toured the State "to deceive the public and the legislature on the contents of this bill",

and that "[t]he entire effort surrounding this bill including its construction and title was designed to obfuscate the fact that it would be used by the government to seize privately owned real estate without compensation in what is a clear violation of the takings clause as there is no conditional surplus provided for." (Id. at 4-5)

Plaintiff asserts that if he "is able to establish standing", this case will help prevent landowners in this State, including himself, from losing their property without the benefit of receiving compensation or a surplus from an auction. (Id. at 5)

### Defendant McCuskey's Reply

Defendant reasserts that Plaintiff still lacks standing to bring this claim, and that his recent allegation that he now owns many properties in a dilapidated state under municipality scrutiny is an improper attempt to amend his complaint, however, Plaintiff still fails to demonstrate that he is in imminent danger of sustaining some direct injury to sustain injunctive relief under Section 1983. (ECF No. 12 at 1-2) Additionally, this Defendant points out that Plaintiff can easily avoid any adverse effects of S.B. 552 or a tax lien sale by paying any taxes he may owe. (Id. at 2)

Numerous courts throughout this country have held that the Takings Clause is not implicated when an owner loses property as a result of a tax lien foreclosure, as this practice has been determined to be a legitimate exercise of the government's taxing authority. (Id. at 2-3) S.B. 552 revises and modernizes West Virginia's tax lien sale process to collect real estate taxes assessed. (Id. at 3)

Defendant McCuskey reminds the Court that as the State Auditor, he is not involved in the legislative process, but is a constitutional officer of the executive branch, and that S.B. 552 does not violate the one object rule and was subject to the same legislative process as all other laws

passed by the West Virginia Legislature. (Id. at 3-4)

Because Plaintiff has not shown sufficient factual bases to support his claims that S.B. 552 violates the Takings Clause, or the one object rule, his complaint should be dismissed with prejudice. (Id. at 4)

### The Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va.

2007) (citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); *also see* <u>Goode v. Central Va. Legal Aide Society, Inc.</u>, 807 F.3d 619 (4th Cir. 2015).

### Discussion

As an initial matter, Plaintiff appears to concede that he lacks standing to bring this suit:

> If the Plaintiff is able to establish standing, this could be a significant case. It will prevent landowners in West Virginia, including the Plaintiff, from losing their property without the benefit of receiving a surplus and no compensation in a scheme that violates the takings clause. If this Court decides that the Plaintiff, and presumably anyone else, does not have standing at this point in time to challenge this scheme, then it is very likely that harm will occur to the Plaintiff and other land owners in West Virginia.

(ECF No. 11 at 5) As pointed out by Defendants, Plaintiff has not plead with any sufficiency that he is subject to imminent harm or injury to invoke injunctive relief under Section 1983; moreover, while Plaintiff does not address the argument that he cannot seek relief under Section 1983 on behalf of others, it is abundantly clear that he is seeking to do just that with this civil action. The Fourth Circuit has long held that a *pro se* litigant lacks standing to bring suit on behalf of others,

therefore to the extent that Plaintiff has indicated that he brings suit on behalf of "other land owners", any such claims must be dismissed. See <u>Myers v. Loudon Co. Pub. Sch.</u>, 418 F.3d 395, 401 (4th Cir. 2005) (*pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others); see also, <u>Inmates v. Owens</u>, 561 F.2d 560, 562-63 (4th Cir. 1977) (*pro se* inmate does not have standing to sue on behalf of another inmate).

Further, to the extent Plaintiff has standing to litigate for himself, he unquestionably possesses it, nevertheless, as pointed out by both Defendants, he does not plead any actual or imminent harm, but only "prospective relief." Therefore, Plaintiff also lacks standing to bring a Section 1983 claim. <u>Bennett v. Spear</u>, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 75 L.E.2d 675 (1983). It is also worth noting that Plaintiff does not address Defendants' arguments that neither possess the authority to have legislated or caused the passage of S.B. 552, or the authority to enforce the bill, thus, Plaintiff also fails to demonstrate how either Defendant's conduct is "fairly traceable" to the speculative alleged injury. <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Moreover, while Plaintiff is not relieved from his burden of showing an actual or imminent injury, it is impossible for this Court to somehow "redress" this speculative injury by declaring S.B. 552 unconstitutional – indeed, as noted by Defendant McCuskey, Plaintiff may avoid any adverse effects from S.B. 552 by simply paying the taxes on the properties he owns. <u>Id</u>. In short, the would-be injury is "redressed" by complying with local and/or State taxing authorities.[7] Accordingly, as Plaintiff has failed to show that he has standing to bring this suit, the

---

[7] It bears repeating that Plaintiff has **not** alleged that he owns tax-delinquent property that was sold pursuant to S.B. 552.

undersigned would recommend that this case be dismissed with prejudice.

The undersigned further notes that Plaintiff fails to address or respond to Defendant Cassis's argument for dismissal. Accordingly, the undersigned finds that Plaintiff's silence on that issue can be construed as a concession to this particular Defendant's arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims."). By failing to respond in any way to Defendant Cassis's argument for dismissal of this action against him, Plaintiff has abandoned his claims against this Defendant. Accordingly, the undersigned would recommend any claim against Defendant Cassis be dismissed with prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the ***Motion to Dismiss Made Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)*** (ECF No. 5) and ***Defendant Lee Cassis's Motion to Dismiss*** (ECF No. 6), **DISMISS** Plaintiff's Complaint (ECF No. 1) with prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: August 15, 2022.



Omar J. Aboulhosn
United States Magistrate Judge